UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EMMANUEL GAXIOLA,<br><br>   Plaintiff,<br><br>  v.<br><br>E. BORLA, et al.,<br><br>   Defendants. | Case No. 23-cv-02196-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Joseph Emmanuel Gaxiola alleges unrelated constitutional and statutory claims against different defendants at Salinas Valley State Prison. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Gaxiola raises a number of unrelated claims against at least eleven defendants. Because this falls afoul of federal pleading rules, the complaint is DISMISSED with leave to file an amended complaint on or before **November 20, 2023**. Failure to file a proper amended complaint by November 20, 2023, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. I will rule on Gaxiola's motion for the appointment of counsel after I have reviewed his amended complaint.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In his complaint, Gaxiola alleges Eighth Amendment, due process, and Americans With Disabilities Act (ADA) claims against at least eleven defendants at Salinas Valley State Prison, including prison guards, medical staff, and grievance reviewers. The allegations relate to a prison disciplinary action; a prison guard shutting off water during a shower; retaliation; denial of medical treatment and equipment; and denial of transfer to ADA housing and various ADA accommodations. (Compl., Dkt. No. 1 at 1-36.)

Gaxiola's claims are based on different incidents involving different defendants over two years. This is improper. He may not bring unrelated claims in one suit. Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all

2

defendants." Fed. R. Civ. P. 20(a)(2). In his amended complaint, he must decide which set of claims he wishes to pursue. He may then allege facts that give rise to that claim and any other claim that is closely related to the facts involved, as required by Rule 20(a)(2).

In addition, Gaxiola may wish to consider the following when he amends his complaint. His claims against grievance reviewers will be difficult to sustain. Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.*

By the same token, his claims against supervisors will be difficult to sustain. There is no respondeat superior liability under § 1983, which means that a supervisor cannot be held simply for being a supervisor. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-83.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 20, 2023.** The amended complaint must include the caption and civil case number used in this order (23-02196 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.

3

*See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  <u>Failure to file a proper amended complaint by November 20, 2023, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

**IT IS SO ORDERED.**

**Dated:**  October 10, 2023



WILLIAM H. ORRICK
United States District Judge

4