UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EMMANUEL GAXIOLA, <br><br> Plaintiff, <br><br> v. <br><br> E. BORLA, et al., <br><br> Defendants. | Case No. 3:23-cv-02196-WHO <br><br> **ORDER OF SERVICE;** <br><br> **ORDER SETTING CASE MANAGEMENT CONFERENCE;** <br><br> **INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Joseph Emmanuel Gaxiola alleges that the California Department of Corrections and Rehabilitation ("CDCR"), Salinas Valley State Prison ("SVSP"), and Pleasant Valley State Prison ("PVSP") discriminated against him because of his disabilities and violated his rights to reasonable accommodations and medical treatment under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a)). His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a). Gaxiola has stated claims for discrimination and failure to provide reasonable accommodations and medical treatment under the ADA and the Rehabilitation Act against CDCR, SVSP, and PVSP ("the defendants"). The defendants are directed to respond to the complaint in accordance with Federal Rule of Civil Procedure 12.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

1   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
2   monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro
3   se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
4   699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To make a prima facie case under Title II of the ADA, a plaintiff must allege that (1) she is "an individual with a disability"; (2) she is "otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities"; (3) she was "either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits or discrimination was by reason of [her] disability." *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014) (citation omitted). "The elements of a prima facie Section 504 claim are similar, with the additional requirement that the plaintiff prove that 'the program receives federal financial assistance.'" *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (citation omitted).

**B.    Legal Claims**

Gaxiola alleges that he suffers from various disabilities arising from a gunshot wound and resulting traumatic brain injury that he suffered while incarcerated, including grand mal seizures, migraines characterized by nosebleeds and eye hemorrhages, photosensitivity, visual impairment with continued vision loss, multilevel degenerative disc disease, and limited mobility. He asserts that treating physicians have prescribed him various accommodations to ensure his health and

improve his limited quality of life, ranging from an ADA compliant prison cell and bed without hard and sharp edges, to a hat to protect from photosensitivity and a clock and radio for the visually impaired. He alleges that the defendants failed to provide these reasonable accommodations and failed to accommodate him because of his disabilities, excluding him from the benefits of prison services and programs. Gaxiola has stated claims under the ADA and the Rehabilitation Act.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the second amended complaint (Dkt. No. 26), and all attachments thereto, on defendants California Department of Corrections and Rehabilitation, Salinas Valley Prison, and Pleasant Valley State Prison, and orders these defendants to respond to the claims raised in the operative complaint.

2. Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the second amended complaint (Docket No. 26) and its attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of

1  E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed
2  USM-285 forms and copies of this Order, the summons and the operative complaint for
3  service upon each defendant who has not waived service.

4      5.    The defendants shall respond to the Complaint within the timeframe contemplated
5  by Federal Rule of Civil Procedure 12.

6      6.    Plaintiff is reminded that state prisoners may review all non-confidential
7  material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783
8  (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's
9  Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21,
10 and 71010.11.1.  Requests to review these files or for copies of materials in them must be
11 made directly to prison officials, not to the Court.

12     Plaintiff may also use any applicable jail procedures to request copies of (or the
13 opportunity to review) any reports, medical records, or other records maintained by jail
14 officials that are relevant to the claims found cognizable in this Order.  Such requests must
15 be made directly to jail officials, not to the Court.

16     7.    The stay of the case, [Dkt. No. 18], is DISSOLVED.

17     8.    A Case Management Conference is set for January 7, 2025, at 2:00 p.m.  The
18 Joint Case Management Conference Statement is due January 3, 2025.

19 **IT IS SO ORDERED.**

20 Dated: August 19, 2024



William H. Orrick
United States District Judge

4